UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JODY K. MOSLEY,

    Plaintiff,

v.                                                      Case No. 1:17-CV-217

CITY OF LANSING,                           HON. GORDON J. QUIST

    Defendant.
                                /

## **OPINION**

Plaintiff, Jody K. Mosley, proceeding pro se, has filed a two-page complaint against the City of Lansing, complaining of various actions that a number of individuals took in connection with (1) removal of his doctor; (2) proceedings against Mosley for failure to pay child support; and (3) : his visitation sessions with his children. Mosley does not request any particular relief. (ECF No. 1.)[1]

On March 9, 2017, the magistrate judge issued an order granting Mosley leave to proceed *in forma pauperis*. (ECF No. 4.) Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to dismiss any action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999) (holding that "§ 1915(e)(2) applies only to *in forma pauperis* proceedings"). The Court must read Mosley's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972), and accept his allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733 (1992).

---

[1]Mosley filed nine additional cases, which the Court has previously dismissed. Mosley refers to some of the same individuals and events named in his prior complaints in his complaint in the instant case.

Mosley's complaint fails to state a claim and must be dismissed as required by § 1915(e)(2).

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). A court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)).

Mosley fails to allege sufficient facts giving rise to a claim under federal law. He refers to violation of his rights, but fails to state what rights were violated or cite the law under which such rights arise. "Although pro se pleadings are to be liberally construed, courts are not required to conjure up unpleaded allegations or guess at the nature of an argument." *Brown v. Cracker Barrel Rest.*, 22 F. App'x 577, 578 (6th Cir. 2001) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

The majority of Mosley's complaint consists of his rants and assertions of being treated unfairly by the state court for failure to pay child support. Such allegations do not establish a cognizable claim over which this Court has jurisdiction.

An Order consistent with this Opinion will be entered.


Dated: June 7, 2017                                    /s/ Gordon J. Quist
                                                    GORDON J. QUIST
                                              UNITED STATES DISTRICT JUDGE